JOSEFINA GONZÁLEZ, demandante y apelada, *v.* WHITE STAR BUS LINE, INC., demandada y apelante.

Núm. 7499.—*Sometido:* Abril 22, 1938. *Resuelto:* Junio 24, 1938.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la apelante; *Juan Lastra,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La cuestión a estudiar y a resolver en este caso es la de si bajo las circunstancias que en el mismo concurren estuvo facultada la corte sentenciadora al dejar sin efecto la sentencia que dictara y al permitir la radicación de una demanda enmendada.

Josefina González, una mujer casada, demandó a la White Star Bus Line, una corporación de esta isla que se dedica al transporte de pasajeros, en reclamación de mil doscientos dólares por concepto de daños y perjuicios sufridos como consecuencia de un accidente que atribuye a la negligencia de la demandada y a virtud del cual un automóvil suyo quedó destrozado por un golpe que le dió una guagua de la demandada.

Contestó ésta negando general y específicamente las alegaciones esenciales de la demanda y alegando como defensa especial que dicha demanda no aducía hechos suficientes determinantes de una buena causa de acción en favor de la demandante y en contra de la demandada.

Fué el pleito a juicio y la corte lo falló por sentencia de febrero 5, 1937, declarando la demanda sin lugar. Basó su sentencia en una relación de hechos y opinión en que dice:

"Las partes no han sometido alegato alguno; pero al examinar la corte la reciente jurisprudencia del Tribunal Supremo en cuanto a esta materia, encuentra que de acuerdo con la teoría sentada en el caso de *Flit* v. *White Star Line,* 49 D.P.R. 144, en el que se hace un resumen de toda la jurisprudencia anterior sobre la misma materia, es la doctrina de esta jurisdicción que una mujer casada no tiene causa de acción para iniciar un pleito por daños y perjuicios

sufridos en bienes de la sociedad de gananciales, y que por tanto, hay necesariamente que declarar con lugar la excepción de falta de hechos constitutivos de causa de acción en la demanda. Pudiera alegarse que esta jurisprudencia se refiere solamente a daños personales; pero en el extenso estudio que se hace de esta cuestión en el caso de *Vázquez v. P. R. Railway, Light & Power Co.*, 35 D.P.R. 62, se resuelve la cuestión de que bienes adquiridos durante el matrimonio se reputan gananciales mientras no se pruebe que pertenecen privativamente al marido o a la mujer. Ésa es la ley y ésa es la jurisprudencia. La demanda alega expresamente que la demandante es una mujer casada y que 'su carro "Chevrolet" sufrió daños.' Hemos examinado la prueba para ver si la existencia de propiedad no comunal quedaba curada; pero de la declaración de la demandante y de su esposo José Avilés Rodríguez se desprende que el carro lo compró ella con sus economías en marzo 29 de 1936, para cuya fecha ya estaba casada. Las economías están consideradas como propiedad conyugal y el carro, aún cuando adquirido por la mujer, era bien ganancial, de acuerdo con el artículo 1301 del Código Civil de Puerto Rico, y especialmente el inciso primero de dicho artículo. Siendo un bien ganancial los daños y perjuicios que sufrió el mismo, la indemnización por tales daños y perjuicios constituye una propiedad o bien ganancial a su vez, que debe ser reclamada por el marido como representante legal de la sociedad conyugal.''

Pidió la demandante a la corte que reconsiderara su sentencia y le permitiera radicar una demanda enmendada. Oyó la corte a ambas partes y, citando el artículo 140 del Código de Enjuiciamiento Civil y el caso de *Merino v. City of New York Fire Ins. Co.*, 35 D.P.R. 451, el veinte del propio febrero de 1937 dejó sin efecto su sentencia y concedió permiso para que la demanda enmendada fuera radicada, siendo contra esa orden de la corte que se interpuso el presente recurso de apelación.

¿Tuvo facultad la corte de distrito para actuar en la forma en que lo hizo?

La demandada y apelante sostiene que no, porque la demanda original era fatalmente defectuosa y no susceptible de enmienda, porque la demanda enmendada no corrige el defecto de la original y porque no teniendo derecho de ac-

ción alguno la demandante, tampoco lo tenía a ser sustituída por otra parte ajena al litigio. Y tiene razón a nuestro juicio.

Citando el caso de *Dubbers* v. *Goux,* 51 Cal. 153, dice Bancroft:

". . . no puede sustituirse el demandante que entabló la acción por un nuevo demandante, cuando la parte que viene como sustituta es la única que tenía un interés actual al tiempo que se entabló la acción." (Bancroft's Code Pleading, Vol. 1, sec. 574, pág. 830.)

Siendo ello así, como la sociedad de gananciales que trató de traerse al pleito era la única que tenía un interés actual al tiempo en que se entabló la acción, claro es que la demanda enmendada no pudo admitirse. La corte carecía de autoridad para ordenar por tal medio que un pleito que cayó por su base, que era a los efectos legales inexistente, continuara en pie, como si se hubiera válidamente iniciado cuando la primitiva demanda fué archivada.

Examinado el caso de *Merino,* supra, encontramos que es distinto. Allí el pleito había sido iniciado por la persona que realmente tenía derecho para ello, habiéndose cometido un error de derecho por parte de su abogado que dió lugar a que se dictara una sentencia adversa contra dicha persona. Aquí se alega también la comisión de un error de derecho por parte del abogado de la demandante cometido al iniciar el pleito a su nombre en vez de hacerlo a nombre de su marido como representante de la sociedad de gananciales, pero lo hecho no estableció base alguna sobre la cual pueda continuar edificándose. Lo que aquí procede es iniciar independientemente la acción a nombre de la parte realmente interesada.

*Debe el recurso declararse con lugar y en su consecuencia revocarse la resolución apelada.*

El Juez Asociado Señor De Jesús no intervino.