Sixta Guadalupe, peticionaria, *v.* Corte de Distrito de San Juan, Hon. Ricardo La Costa, Jr., Juez, demandada.

Núm. 1600.—*Sometido:* Junio 25, 1945. *Resuelto:* Julio 12, 1945.

---

*Víctor J. Vidal González*, abogado de la peticionaria; *R. Prietó Azúar*, abogado del interventor, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 19 de junio de 1944, Sixta Guadalupe radicó una demanda ante una corte de distrito contra Alfredo Acín Vall-Lloberas. Alegaba que el 3 de febrero de 1944 fué seriamente lesionada al ser arrollada, mientras se encontraba en la acera, por una bicicleta manejada por un menor quien la usaba como mensajero del demandado, dueño de una farmacia. La súplica solicita daños en la suma de $6,000.

El epígrafe de la demanda lee: "Sixta Guadalupe, asistida de su esposo José Rivera, Demandante, v. Alfredo Acín Vall-Lloberas, Demandado". Esta misma frase se repite en el párrafo preliminar que contiene la comparecencia de la demandante, en el primer párrafo de la demanda y en la súplica. Sin embargo, en el cuerpo de la demanda propiamente dicho, la demandante relató solamente los daños inferídosle a ella; y hace la reclamación solamente a nombre

suyo, y no para la sociedad de gananciales. El demandado admite que la reclamación de daños está redactada en dicho lenguaje. En verdad, radicó una moción de desestimación precisamente en la teoría de que en la demanda se reclamaban daños para la esposa solamente, y no para la sociedad de gananciales.

La corte inferior declaró sin lugar la moción de desestimación del demandado. El demandado solicitó la reconsideración de dicha resolución. Así las cosas, el 23 de febrero de 1945 la demandante solicitó permiso para enmendar su demanda. La demandante se proponía en la enmienda eliminar la frase "asistida de su esposo", según aparecía donde ya se ha dicho; y adicionar un párrafo a saber, "Que la demandante tiene en la actualidad 65 años de edad, es casada y vecina de Santurce, Puerto Rico y comparece en este caso por su propio derecho por vivir completamente separada de su cónyuge José Rivera, por quien fué abandonada hace aproximadamente veintiocho años y con quien nunca ha vuelto a reanudar las relaciones conyugales."

El demandado se opuso a la moción. El 25 de abril, la corte de distrito dictó una resolución denegando la moción.[1]

_____

[1]La resolución de la corte de distrito dice en parte, como sigue:

"Está firmemente resuelto en esta jurisdicción, que una mujer casada no puede demandar sola en acciones de daños y perjuicios, a menos que haya sido abandonada por su esposo; así como que la indemnización concedida a cualquiera de los cónyuges es un bien ganancial; y que siendo el marido el administrador de la sociedad de gananciales, es él quien debe ejercitar la acción, doctrina que no es alterada por el hecho de que la esposa comparezca asistida de su esposo reclamando indemnización para ella. (Véase: *Vázquez* v. *Valdés, et al.*, 28 D.P.R. 467; *Vázquez* v. *P.R. Ry., Light & Power Co.*, 35 D.P.R. 62; *Irizarry* v. *Díaz Ojeda*, 35 D.P.R. 144; *Flit* v. *White Star Bus Line, Inc.*, 49 D.P.R. 144, 50 D.P.R. 98; *González* v. *White Star Bus Line, Inc.*, 53 D.P.R. 345; *P. R. Ry., Light & Power Co.* v. *Cognet et al.*, 3 F. 2d 21).

"La demanda original, tal y como está redactada, no expone hechos constitutivos de una causa de acción; es inexistente; y por la demanda enmendada se trata de traer ahora al pleito, como demandante, a la única parte que tenía interés cuando se ejercitó la acción, y ello no puede hacerse mediante enmienda. (*González* v. *White Star Bus Line, Inc.*, supra; *Ramón Morán & Cía.* v. *Corte*, 55 D.P.R. 637)."

Expedimos el auto de *certiorari* para revisar esta actuación de la corte inferior.

 Según indica la corte de distrito, la indemnización concedida dentro del matrimonio por daños personales a la esposa constituye un bien ganancial; y la esposa no puede entablar pleito por ellos a su propio nombre a no ser que esté viviendo separada de su esposo por haberla éste abandonado. *Vázquez* v. *Porto Rico Ry., Lt. & P. Co.*, 35 D.P.R. 62. Pero al determinar si un pleito específico ha sido radicado a nombre de la sociedad de gananciales o de la esposa solamente, debemos remitirnos a las alegaciones en el cuerpo de la demanda.

Claramente lo hicimos constar al manifestar recientemente que en el caso de *Vázquez* v. *Valdés, et al.*, 28 D.P.R. 467, citado por la corte de distrito, "se trataba de un pleito establecido en reclamación de daños personales sufridos por la esposa. La acción fué interpuesta por ésta, asistida de su marido, y después de resolverse que la acción pertenecía a la sociedad conyugal, se confirmó la sentencia que desestimó la demanda, *porque del contexto de ésta surgía que la acción se ejercitaba para beneficio de la esposa y no a favor de la sociedad de gananciales.*" (*Segarra* v. *Vivaldi*, 59 D.P.R. 803, 808). (Bastardillas nuestras).

Por otro lado, en el caso de *Segarra*, intitulado "Monserrate V. de Segarra, asistida de su esposo don Antonio Segarra", se alegó en el cuerpo de la demanda que los *demandantes* sufrieron daños. Por tanto concluímos que se establecía (pág. 809) "no en beneficio exclusivo de la esposa, sino para la sociedad conyugal". Entonces pasamos a resolver que (págs. 809–10) "Habiéndose instado el pleito por la esposa asistida de su marido Antonio Segarra, éste último es parte en la acción . . . Por consiguiente, en el presente caso sólo podría decirse que la comparecencia de la esposa es superflua y siendo así puede hacerse caso omiso de ella, subsistiendo la del esposo, quien, como administrador

de la sociedad conyugal tiene el derecho de representarla en esta acción.''

Aquí los hechos son todo lo contrario de los del caso de *Segarra;* pero la teoría de dicho caso impera sin embargo. Es decir, las alegaciones sustanciales aquí envueltas establecen una reclamación de daños para la esposa únicamente, y el pleito es exclusivamente para su beneficio. Por tanto, en la frase ''Sixta Guadalupe, asistida de su esposo'', la comparecencia del esposo, y no la de la esposa, es rechazada por superflua. En verdad, hablando en términos gramaticales, es un poco más fácil llegar al presente resultado. En el caso de *Segarra,* fué necesario que explicáramos que la comparecencia del esposo surgió del uso de la frase ''asistida de su esposo''. Aquí la esposa inequívocamente comparece como demandante.

El resultado es que en un pleito por lesiones personales recibidas por una mujer casada, la frase ''la demandante asistida de su esposo'' no es decisiva. Puede ser un pleito instituído por el esposo a nombre de la sociedad de gananciales. O puede ser un pleito de la esposa haciendo una reclamación para sí. Las alegaciones en el cuerpo de la demanda son el aspecto fundamental del caso. Si la reclamación es por daños a la sociedad de gananciales, la comparecencia de la esposa es superflua; si la reclamación es para la esposa únicamente, la frase ''asistida de su esposo'' es superflua.

En la demanda original en este caso la esposa hizo una reclamación para sí. Por tanto rechazamos por superfluas las alusiones con respecto al marido. Una vez que obtenemos ese resultado, es obvio que la esposa tenía derecho a enmendar su demanda para alegar un hecho cuya ausencia hacía que la demanda fuera defectuosa: el abandono por parte de su marido hacía muchos años. Tal enmienda no cambia la naturaleza de la causa de acción ni reemplaza a la demandante por una parte demandante completamente

diferente. Simplemente suministra un hecho necesario a la causa de acción, que, con excepción de este hecho, ya aduce la demanda en beneficio de la demandante. Por tanto el caso es claramente distinguible de los de *González* v. *White Star Bus Line, Inc.*, 53 D.P.R. 345, y *Morán & Cía.* v. *Corte de Distrito*, 55 D.P.R. 637. De conformidad con la Regla 15 *a*, Reglas de Enjuiciamiento Civil, la corte de distrito debió haber declarado con lugar la moción de la demandante solicitando permiso para radicar la propuesta demanda enmendada.(²)

*La resolución de la corte de distrito denegando la moción solicitando permiso para enmendar la demanda será anulada y devuelto el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

---

(²)Véanse *Ruiz* v. *Ruiz,* 61 D.P.R. 823; *Jaume* v. *Corte de Distrito,* 61 D.P.R. 168; *Municipio* v. *Ríos,* 61 D.P.R. 102; *Rodríguez* v. *The San Juan Fruit Co.,* 60 D.P.R. 437.