.Juan Serra, por sí y en representación de su esposa, Mercedes Maldonado, demandante y apelante, *v.* Autoridad de Transporte de P. R.; Anglo Porto Rican Insurance Agency, Inc.; Gobierno de la Capital de Puerto Rico y Maryland Casualty Co., demandados y apelados.

Núm. 9659.—*Sometido:* Abril 13, 1948. *Resuelto:* Abril 19, 1948.

*Bauzá & Bauzá,* abogados de la apelante; *Charles R. Hartzell, José L. Novas* y *Arcilio Alvarado,* abogados del Gobierno de la Capital y la Maryland Casualty Co., apelados; *Córdova & González* y *Alberto Picó,* abogados de la Autoridad de Transporte de P. R. y la Anglo Porto Rican Insurance Agency, Inc., apeladas.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Mercedes Maldonado, esposa de Juan Serra, fué lesionada al ocurrir un choque entre una guagua de la Autoridad de Transporte, de la que era pasajera, y una ambulan-

cia del Gobierno de la Capital. Para reclamar daños por dichas lesiones, se radicó demanda a nombre de Juan Serra, por sí y en representación de su esposa, contra varios demandados.

 Estos daños pertenecen a la sociedad de gananciales, y la demanda en reclamación de los mismos debe instituirse solamente por el esposo como administrador de los bienes pertenecientes a dicha sociedad. *Guadalupe* v. *Corte*, 65 D.P.R. 293; *Valiente y Cía.* v. *Corte*, ante, pág. 40. Los demandados solicitaron la desestimación de la demanda enmendada por el fundamento de que el presente era un pleito de la esposa reclamando para sí, y no un pleito del esposo a nombre de la sociedad de gananciales. El caso se encuentra ante nos en apelación contra sentencia dè la corte de distrito declarando con lugar esta moción y desestimando la demanda.(¹)

En relación con el cuerpo de la demanda, las únicas alegaciones que arrojan alguna luz a nuestro problema se encuentran en los párrafos 3–6. Los párrafos 3, 4 y 5 de la demanda exponen las lesiones sufridas por "la demandante". Toda vez que la esposa fué la persona lesionada, es obvio que estas manifestaciones se refieren a ella. El párrafo 6to. dice "Que las demandadas a pesar de ser requeridas por *el demandante,* no han compensado *a ésta* ni en todo ni en parte de los daños sufridos *por ella . . .*".

La persona que redactó la demanda inadvertidamente cometió error al caracterizar a la esposa como "la demandante" al describir en los párrafos 3–5 las lesiones que ella recibió. Comprendemos cómo incurrió en este error. No obstante el hecho de que los daños pertenecen a la sociedad de gananciales y el pleito se entabla a nombre del esposo, instintivamente pensamos en la parte de hecho lesionada como "la demandante". Pero sería técnico en extremo re-

---

(¹)Para un incidente anterior de este caso, véase 67 D.P.R. 611. Las partes nos informan que antes de ese incidente, el caso fué visto en los méritos pero el juez de distrito cesó en el cargo sin resolverlo.

solver que esta incorrecta caracterización de la esposa como "la demandante" en el curso de la descripción de sus lesiones, era fatal para la causa de acción del esposo si la demanda en su totalidad, no importa cuán defectuosamente redactada, nos satisface de que como cuestión de hecho ésta fué radicada por el esposo como administrador de la sociedad de gananciales. Bajo estas circunstancias, creemos que no es irrazonable leer la frase "la demandante", como que significa "la esposa". Refuerza esta conclusión el hecho de que el párrafo 5to. no solamente dice que las lesiones fueron sufridas por la demandante, representada por su esposo en este caso, sí que también que *"los demandantes* estiman los daños en $5,000".

En igual forma, es difícil predecir si la persona que redactó la demanda tuvo la intención en el párrafo 6to. de referirse al esposo o a la esposa como el demandante, en vista del conflicto gramatical existente entre "el demandante" frente a "a ésta" y "por ella". Pero no podemos castigar al demandante por sus errores gramaticales. Al contrario, tenemos que interpretar la demanda lo más liberalmente posible a su favor, al considerar una moción de desestimación. Con estas consideraciones en mente, interpretamos el párrafo 6 como que se refiere al esposo, y no a la esposa, como el demandante.

Así vemos que los párrafos 3, 4 y 5 exponen las lesiones sufridas por la esposa, pero dicen que la esposa está representada por su esposo y que *los demandantes* estiman los daños en $5,000. Y el párrafo 6 demuestra suficientemente, si se interpreta con liberalidad, que el demandante es el esposo. Así interpretado, el cuerpo de la demanda expone una causa de acción por el esposo en representación de la sociedad de gananciales.

Lo que hemos dicho no menoscaba la regla establecida en *Guadalupe* v. *Corte,* supra, y *Segarra* v. *Vivaldi,* 59 D.P.R. 803. En este último caso se tituló la demanda "Monserrate

V. de Segarra, asistida de su esposo don Antonio Segarra''. Y como se alegó en el cuerpo de la demanda que *los demandantes* sufrieron daños y perjuicios, resolvimos que el pleito fué instituído a nombre de la sociedad de gananciales y no para el exclusivo beneficio de la esposa. En consecuencia, rechazamos la comparecencia de la esposa por superflua.

En el caso de *Guadalupe* resolvimos que (pág. 297) ''las alegaciones sustanciales aquí envueltas establecen una reclamación de daños para la esposa únicamente, y el pleito es exclusivamente para su beneficio. Por tanto, en la frase 'Sixta Guadalupe, asistida de su esposo', la comparecencia del esposo, y no la de la esposa, es rechazada por superflua.''

Aquí, como en el caso de *Segarra,* resolvemos que, si bien redactada apartándose de los cauces gramaticales y algo defectuosa, el cuerpo de la demanda suficientemente demuestra que el esposo, y no la esposa, es el demandante. En verdad, nuestra decisión cobra mayor fuerza con los hechos de que (1) el título y el párrafo preliminar que describen la comparecencia del demandante, exponen correctamente que el pleito se radica por ''Juan Serra, por sí y en representación de su esposa, Mercedes Maldonado'' y que (2) si bien la súplica generalmente no forma parte de la demanda, ésta correctamente dice que *''el* demandante'' solicita sentencia por la suma de $5,000.

Creemos que ya es tiempo de que los litigantes se den cuenta de que este Tribunal hará todo lo que esté a su alcance para que los casos sean resueltos en sus méritos y no por sutilezas legales de alegaciones y procedimientos. *Cf. Gerardino* v. *Tribunal de Contribuciones,* ante, pág. 219; *Maldonado* v. *Quetell,* ante, pág. 420; *Biaggi* v. *Corte,* ante, pág. 407. Hace tiempo que los tribunales han abandonado la teoría de que impartir justicia constituye un juego. Los litigantes deben hacer lo mismo. Ninguna parte en un procedimiento tiene un interés adquirido en los errores gramaticales y de procedimiento incurridos por su adversario.

630

La resolución de este caso en los méritos ha sido dilatada demasiado. Creemos que deben llevarse a cabo inmediatamente los ulteriores procedimientos en este caso.

*La sentencia de la corte de distrito será revocada y se devolverá el caso para ulteriores procedimientos no inconsistentes con esta opinión.*