AURELIA MELÉNDEZ, acompañada de su esposo DOMINGO VÁZQUEZ, demandantes y apelantes, *v.* ADALBERTO C. DE ITURRONDO y THE GREAT AMERICAN INDEMNITY CO., demandados y apelados.

Núm. 9963.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Marzo 20, 1950.

*Bolívar Pagán,* abogado de los apelantes; *Francis & Ydrach,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En febrero 11, 1947 se radicó en la corte de distrito una demanda de daños y perjuicios, titulada "Aurelia Meléndez, acompañada de su esposo Domingo Vázquez, demandantes vs. Adalberto C. de Iturrondo y The Great American Indemnity Co., demandados." El párrafo preliminar de la demanda expone que "la demandante Aurelia Meléndez comparece asistida de su esposo Domingo Vázquez . . . y por su causa de acción alega . . ." Luego de identificar a los demandados, la demanda alega que en febrero 11 de 1946 un automóvil perteneciente a Iturrondo arrolló a la "demandante Aurelia Meléndez de Vázquez, a consecuencia de lo cual la demandante" recibió daños que se describen en determinada forma. La demanda alega entonces que a consecuencia de dichas lesiones "la demandante se vió imposibilitada de atender a sus obligaciones, sufrió fuertes dolores físicos y mentales e incurrió en gastos para tratamiento médico que montan a la suma de $10,000.00". En la súplica "la demandante" solicita sentencia por $10,000. En abril 6, 1948 la demandante radicó una demanda enmendada.

Los demandados solicitaron la desestimación de la demanda enmendada por el fundamento de que la misma no aducía hechos suficientes para constituir una causa de acción. Su teoría fué que la causa de acción pertenecía a la sociedad

de gananciales; que por consiguiente la demanda ha debido ser interpuesta por el marido para beneficio de la sociedad; y que de la faz de la demanda aparece que por el contrario la demanda fué interpuesta por la esposa para su exclusivo beneficio. En apoyo de su moción los demandados citan el caso de *Guadalupe* v. *Corte*, 65 D.P.R. 293.

La corte de distrito declaró con lugar la moción para desestimar la demanda enmendada, concediéndole a la demandante diez días para enmendar. La demandante radicó una segunda demanda enmendada, y volvieron los demandados a solicitar su desestimación. Nuevamente la corte inferior declaró con lugar la moción para desestimar. Resolvió que (*a*) el efecto de la primera y segunda demandas enmendadas fué sustituir a la esposa como demandante en la demanda original por una parte completamente diferente, la sociedad de gananciales, y que (*b*) esto no podía hacerse después de haber vencido el término prescriptivo de un año. A solicitud de la demandante, la corte de distrito dictó sentencia, de la cual ésta ha apelado.

██ La presente causa de acción pertenecía a la sociedad de gananciales. Por consiguiente, al demanda debe ser radicada por el marido como administrador de los bienes de la sociedad conyugal. *Guadalupe* v. *Corte*, supra; *Serrano* v. *González*, 68 D.P.R. 623; *Valiente & Cía.* v. *Corte*, 68 D.P.R. 529; *Serra* v. *Autoridad de Transporte*, 68 D.P.R. 626; *Rivera* v. *De Martínez*, 70 D.P.R. 482.

██ No es necesario discutir en detalle la primera o la segunda demanda enmendada que posteriormente fué radicada. La demandante interpuso la demanda original el día en que expiraba el término prescriptivo de un año. Por lo tanto tenía que demostrar que la demanda original establecía una causa de acción a nombre de la sociedad de gananciales, representada por el marido. Los demandados sostienen que la demanda no establecía eso y que por el contrario ésta solamente aducía una causa de acción por la esposa para su exclusivo beneficio. Si la contención de los demandados

es correcta, las demandas enmendadas sustituirían la mujer por la sociedad de gananciales como una parte demandante enteramente nueva. Pero tales demandas enmendadas no se retrotraerían a la fecha de radicación de la demanda original a los fines de la prescripción. *Bithorn* v. *Santana*, 68 D.P.R. 300, 305 y casos citados. Ellas por lo tanto estarían prescritas. Por consiguiente, en la cuestión ante nos, la demandante impera o cae con la demanda original.

Examinemos la demanda original. Al considerar una moción para desestimar la demanda, es nuestro deber interpretar ésta lo más liberalmente posible en favor de la parte demandante. *Serra* v. *Autoridad de Transporte*, supra, pág. 628. Estamos por tanto en libertad de rechazar por superfluo lo expuesto en el párrafo inicial al efecto de que la esposa comparece y de considerar el pleito como radicado por el marido, en representación de la sociedad de gananciales. *Segarra* v. *Vivaldi*, 59 D.P.R. 803, 809–10. Una vez que llegamos a la conclusión de que el marido presentó la demanda en su capacidad representativa, lo referente a daños y perjuicios a "la demandante" debe obviamente ser leído como que no se refiere a él, sino a la esposa. De otra manera esto sería insensato, ya que aparece de la faz de la demanda que ella fué la persona lesionada en el accidente. Leeremos por lo tanto lo referente a las lesiones recibidas por la "demandante" no como que alegan una causa de acción exclusivamente para beneficio de la esposa, sino más bien como una simple descripción de las lesiones recibidas por ella por las cuales el marido, como administrador de la sociedad de gananciales, interpone una demanda en representación de la última y reclamando $10,000.

Esta conclusión está en armonía con lo manifestado en el caso de *Guadalupe* al efecto de que (pág. 297) "Las alegaciones en el cuerpo de la demanda son el aspecto fundamental del caso." Tanto en aquel caso como en éste hemos rehusado aplicar la regla arcaica de interpretar alegaciones en forma estricta y técnica. Creímos que expusimos esto

claramente en *Serra* v. *Autoridad de Transporte*, 68 D.P.R. 626, donde dijimos a la página 629: "Creemos que ya es tiempo de que los litigantes se den cuenta de que este Tribunal hará todo lo que esté a su alcance para que los casos sean resueltos en sus méritos y no por sutilezas legales de alegaciones y procedimientos. Cf. *Gerardino* v. *Tribunal de Contribuciones*, ante, pág. 219; *Maldonado* v. *Quetell*, ante pág. 420; *Biaggi* v. *Corte*, ante, pág. 407. Hace tiempo que los tribunales han abandonado la teoría de que impartir justicia constituye un juego. Los litigantes deben hacer lo mismo. Ninguna parte en un procedimiento tiene un interés adquirido en los errores gramaticales y de procedimiento incurridos por su adversario." Véase la Regla 8(*f*) de las de Enjuiciamiento Civil. Esta sabia regla es particularmente aplicable en un caso donde como en éste una mujer casada es lesionada y surge el problema de si la demanda fué interpuesta por el esposo para el beneficio de la sociedad de gananciales o por la esposa para su beneficio exclusivo.

*La sentencia de la corte de distrito será revocada y el caso devuelto para ulteriores procedimientos no inconsistentes con esta opinión.*

Opinión concurrente del Juez Asociado Sr. Negrón Fernández.

Estoy conforme con el resultado. Sin embargo, no creo que esta decisión esté en armonía con lo resuelto en *Guadalupe* v. *Corte*, 65 D.P.R. 293, ni con la serie de decisiones en que en una u otra forma hemos llegado a la conclusión .de que la frase "asistida de su esposo", no es decisiva cuando de ejercitar una acción de daños y perjuicios por lesiones sufridas por la esposa se trata, ya que, conforme dijimos en dicho caso, "Puede ser un pleito instituído por el esposo a nombre de la sociedad de gananciales. O puede ser un pleito de la esposa haciendo una reclamación para sí. Las alegaciones en el cuerpo de la demanda son el aspecto fundamental del caso. Si la reclamación es por daños a la sociedad de gananciales, la comparecencia de la esposa es

superflua; si la reclamación es para la esposa únicamente, la frase 'asistida de su esposo' es superflua."

En el propio caso de *Guadalupe* se trataba de una demanda original en que examinadas las alegaciones, resolvimos que la esposa hacía una reclamación para sí. En consecuencia, las alusiones respecto al marido fueron rechazadas como superfluas.

En *Segarra* v. *Vivaldi*, 59 D.P.R. 803, resolvimos que la acción se traía no en beneficio exclusivo de la esposa, sino para la sociedad conyugal. Llegamos a ese resultado porque allí se alegó en el cuerpo de la demanda, *que los demandantes* sufrieron daños y que habiéndose iniciado el pleito por la esposa asistida de su marido, este último era parte en la acción, siendo, por lo tanto, la comparecencia de la esposa superflua, subsistiendo en el pleito la comparecencia del marido, a quien como administrador de la sociedad conyugal incumbía ejercitar la misma. En el de *Guadalupe* aceptamos y seguimos la teoría del de *Segarra*, pero llegamos a un resultado distinto, toda vez que las alegaciones sustanciales no daban margen para concluir, como en el de *Segarra*, que se trataba de una acción para beneficio de la sociedad conyugal. En uno y otro caso examinamos primero las alegaciones para determinar a favor de quién se ejercitaba la acción, y por ende, el valor que debía darse a la frase "asistida de su esposo". Lo mismo podemos decir de *Serra* v. *Autoridad de Transporte*, 68 D.P.R. 626.

En el caso de autos nada en las alegaciones nos ayuda para que podamos, bajo el estado de nuestra jurisprudencia, llegar a la conclusión de que en la demanda original se ejercitaba una acción para beneficio de la sociedad de gananciales, y poder entonces, y como consecuencia de ello, llegar también a la conclusión de que la comparecencia de la esposa es superflua y que es el marido quien ejercita la acción a nombre de dicha sociedad conyugal. Bajo nuestras decisiones anteriores tendríamos que resolver que las alegaciones en este caso no son susceptibles de ser consideradas como una

reclamación para beneficio de la sociedad conyugal. Por lo tanto, para llegar al resultado a que aquí llegamos, creo que debemos decir claramente que cuando se trata de un pleito de daños y perjuicios por lesiones sufridas por una mujer casada—y la cual acción debe ser ejercitada por el marido como administrador de la sociedad de gananciales—la comparecencia de la esposa "asistida de su esposo", nombrándolo, es suficiente y decisiva, no importa el contexto de las alegaciones, ya que el marido se ha personado en autos en la única capacidad en que su comparecencia es necesaria, o sea, como administrador de la sociedad conyugal, y a los fines de ejercitar una acción que, en derecho, corresponde a dicha sociedad.

Creo que el tribunal inferior interpretó y aplicó correctamente nuestras decisiones anteriores, y que en este caso, sin decirlo expresamente, estamos adoptando una nueva regla en cuanto a esta clase de acciones.