ÁNGEL ECHEVARRÍA FERRER, demandante, apelado y apelante, *v.* RAFAEL DESPIAU, SATURNINO RODRÍGUEZ VARGAS y UNITED STATES FIDELITY & GUARANTY COMPANY, demandados, apelantes y apelados.

Núm. 10265.—*Sometido:* Abril 2, 1951. *Resuelto:* Abril 26, 1951.

*Benjamín Rodríguez Ramón,* abogado del apelante apelado, señor Despiau; *Juan Enrique Géigel* y *Guillermo Silva,* abogados de los demás apelantes apelados; *José M. Valentín Esteves,* abogado del apelado apelante.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

El accidente que dió lugar a la causa de acción de daños y perjuicios que está ahora ante nos, ocurrió allá para el 5 de febrero de 1949 como a las 2:10 de la mañana, en la Parada 12, de la Avenida Ponce de León de Santurce. Según se alega en la demanda, en la fecha, hora y sitio indicados el demandante Ángel Echevarría Ferrer conducía su automóvil privado de Santurce para San Juan, mientras que en dirección contraria corría el camión "Ford" del demandado Despiau, guiado por el codemandado Rodríguez Vargas, a velocidad vertiginosa y haciendo zigzags; y debido a la culpa y negligencia del chófer del camión, el mismo se estrelló contra el automóvil del demandante, causando a éste varias lesiones, entre ellas una fractura múltiple del brazo izquierdo, del cual ha quedado total y permanentemente incapacitado, habiendo tenido que practicársele una delicada operación y la amputación de varios dedos de la mano izquierda. La demandada United States Fidelity & Guaranty Company es la aseguradora del camión. Los demandados contestaron negando específicamente los hechos aducidos en la demanda y alegando como defensas afirmativas y especiales que: (1) la demanda no aduce hechos suficientes para determinar una causa de acción; (2) el accidente se debió a la negligencia única y exclusiva del demandante; (3) el demandante incurrió en negligencia contribuyente que fué la causa próxima y eficaz del accidente; y (4) que si éste no fué causado por la negligencia única y exclusiva del demandante ni por su negligencia contribuyente, entonces el mismo fué uno puramente fortuito y desgraciado.

Trabada así la contienda fué el pleito a juicio, aduciendo las partes principalmente prueba testifical en apoyo de sus respectivas pretensiones, luego de lo cual la corte dictó sentencia, fundada en una elaborada opinión, declarando con lugar la demanda y condenando a los demandados a pagar solidariamente al demandante la cantidad de $7,000, más las costas y $500 como honorarios de abogado, pero haciendo constar en ella que la responsabilidad de la compañía no excedería de la suma de $5,000. Ambas partes apelaron.

El primer error señalado por los demandados es al efecto de que el tribunal inferior erró al declarar sin lugar la defensa especial de que la demanda, tal como está redactada, no aduce hechos suficientes para determinar una causa de acción. No hubo tal error. En innumerables ocasiones hemos resuelto que la acción por daños ocasionados a cualquiera de los cónyuges pertenece a la sociedad de gananciales y que el marido en su carácter de administrador de ésta es el llamado a iniciarla. *Meléndez* v. *Iturrondo*, 71 D.P.R. 60, 62; *Rivera* v. *De Martínez*, 70 D.P.R. 482; *Serrano* v. *González*, 68 D.P.R. 623; *Serra* v. *Autoridad de Transporte*, 68 D.P.R. 626; *Guadalupe* v. *Corte*, 65 D.P.R. 293, 295; *Segarra* v. *Vivaldi*, 59 D.P.R. 803, 808; *Torres* v. *Fernández*, 56 D.P.R. 482, 486; *González* v. *White Star Bus Line*, 53 D.P.R. 345, 347; *Flit* v. *White Star Bus Line*, 49 D.P.R. 144; *Vázquez* v. *Porto Rico Ry., Light & Power Co.*, 35 D.P.R. 62. También hemos resuelto repetidamente que si la demanda en casos de esa naturaleza es traída por la esposa, tal defecto no constituye falta de capacidad para demandar, sino más bien falta de causa de acción. *Serrano* v. *González*, supra, a la pág. 624. Asimismo, que la sociedad de gananciales es una entidad separada y distinta de la de los cónyuges que la componen. *Rivera* v. *Casiano*, 68 D.P.R. 190; *Robles* v. *Guzmán*, 67 D.P.R. 718, 722; *Rosaly* v. *Ríos*, 63 D.P.R. 836; *Ex parte García*, 54 D.P.R. 503.

Sostienen, sin embargo, los demandados que ni en el título de la causa ni en el cuerpo de la demanda se hace

constar en forma alguna que la misma se incoa a nomł.
y para beneficio de la sociedad de gananciales.   Tienen razón
en su aserto.   Ello no significa, sin embargo, que por tal
motivo la demanda no aduzca una causa de acción, ya que
durante el curso del juicio surgió reiteradamente que el de-
mandante era hombre casado, tanto para la fecha en que
ocurrió el accidente como para la fecha en que se radicó
la misma.   Bajo estas circunstancias el tribunal sentencia-
dor pudo *motu proprio* considerar la demanda como enmen-
dada a tal efecto.   Véanse Regla 15 (*b*) (¹) de las de Enjui-
ciamiento Civil y los casos de *Ramos* v. *Viejo*, 66 D.P.R.
642, 648; *Ruberté* v. *American Railroad Co.*, 52 D.P.R.
371; *Romañat* v. *White Star Bus Line*, 43 D.P.R. 939, 943;
*Rodríguez* v. *American Railroad Co.*, 43 D.P.R. 493; *Almo-
dóvar* v. *Acosta*, 43 D.P.R. 200.

■ Los demandados alegan además que de acuerdo con
la Regla 17 de las de Enjuiciamiento Civil (²) "toda acción
deberá ejercitarse en nombre de la parte realmente intere-
sada," y que "de considerarse la demanda como una traída
en favor de la sociedad de gananciales, en el título de ella
debió hacerse constar el carácter representativo con que el
marido iniciaba la acción."   La Regla 17 es la enunciación
de un saludable principio procesal de derecho, que requiere
que las partes realmente interesadas sean las que estén ante

---

(¹) La Regla 15 (*b*) provee en lo esencial:

"Cuando con el consentimiento expreso o implícito de las partes o
por orden de la corte se someten a juicio cuestiones litigiosas no susci-
tadas en las alegaciones, tales cuestiones se considerarán a todos los
efectos como si se hubiesen suscitado en las alegaciones.   La enmienda
de las alegaciones que fuere necesaria para conformarlas a la evidencia
y para suscitar dichas cuestiones, puede hacerse a moción de cualquiera
de las partes en cualquier tiempo, aún después de dictarse sentencia;
pero la omisión de enmendar no afectará el resultado del juicio en rela-
ción con tales cuestiones."

(²) La Regla 17 provee:

"Toda acción deberá ejercitarse en nombre de la parte realmente
interesada, excepto en los casos en que se dispone otra cosa por estas
Reglas.   Sólo podrán comparecer ante las cortes en representación de
otras personas los abogados legalmente autorizados para ejercer su pro-
fesión conforme a las disposiciones de la ley."

los tribunales. Empero, si bien es verdad que toda acción deberá ejercitarse en nombre de la parte realmente interesada, la propia Regla 17 en su inciso (c) contiene varias excepciones al disponer que "un albacea, administrador o comisionario (*trustee*) por comisión expresa, o una persona especialmente autorizada por la ley puede demandar sin el concurso de las personas en cuyo beneficio se ejercita la acción." De ordinario debe hacerse constar en el título de la demanda el carácter representativo con que se comparece. Ello es así cuando tal carácter representativo se confiere por la persona a ser representada o por resolución judicial, mas no cuando el carácter representativo se confiere expresamente por un estatuto. Por disposición expresa de ley el marido es el administrador de la sociedad de gananciales. Véanse los artículos 91, 93 y 1312 del Código Civil, ed. 1930. Como tal administrador él está autorizado por ley para demandar sin el concurso de su esposa. En su consecuencia, no teniendo que hacerse figurar en el título de la demanda el carácter representativo con que el demandante comparecía y considerándose la demanda como enmendada por la prueba, al efecto de que el demandante era casado en las fechas indicadas, la misma aducía una buena causa de acción en beneficio de la sociedad de gananciales. Dicho primer error no ha sido, pues, cometido.

El segundo de los errores señalados por los demandados es que el tribunal a quo erró al no aplicar la doctrina legal de *assumption of risk* a los hechos que declaró probados en este caso, y al no exonerar de responsabilidad civil a los demandados como consecuencia de dicha doctrina. La prueba del demandante tendió a demostrar que durante la noche en cuestión él conducía su vehículo a velocidad moderada; que para aquel entonces la Avenida Ponce de León tenía trazada en su centro una franja amarilla, debiendo marchar por el norte de la franja los vehículos que vinieran para San Juan y por el sur de la misma los que fueran hacia Santurce; que el camión del demandado Despiau corría en

ese momento a velocidad vertiginosa, haciendo zigzags, y chocó violentamente contra el automóvil del demandante, que corría por su derecha y como a tres pies de distancia de la referida línea amarilla. La prueba de los demandados, por el contrario, fué al efecto de que el automóvil del demandante corría a velocidad exagerada; que iba detrás de otro automóvil y al tratar de pasar a éste se echó a su izquierda, rebasando la franja amarilla y chocando con el camión de los demandados que en ese momento pasaba en dirección contraria, a velocidad moderada.

Según la obra "Prosser on Torts", Capítulo 9, pág. 377, la doctrina de *"Assumption of Risk"* es aplicable a aquella situación en que el demandante teniendo pleno conocimiento del riesgo que corre, voluntariamente se coloca en una situación que dada la conducta del demandado resulta peligrosa para él. Véase también 38 Am. Jur., pág. 847, sección 173. En semejantes casos el demandante actúa a riesgo propio y se considera que ha consentido en que se releve al demandado de toda responsabilidad. Tal doctrina, sin embargo, no encuentra aplicación en el caso de autos, ya que la corte inferior no dió crédito a la prueba de los demandados, sino meramente a la del demandante. Ésta fué la que ya hemos expuesto. Tampoco se ha cometido el segundo error señalado.

■■ El único error imputado por el demandante al tribunal a quo es que éste erró al conceder al demandante por las lesiones sufridas y sus padecimientos físicos, morales y mentales tan sólo la suma de $7,000, más $500 por concepto de honorarios de abogado.

A los fines de la discusión de este error, la prueba reveló que el demandante antes del accidente era el representante en Puerto Rico del fabricante de una pintura que se utiliza para evitar las goteras en los techos; que el demandante mismo subía a los techos e inspeccionaba la labor que realizaban los obreros al repararlos; que después del accidente continuaría con la representación de esos fabricantes, pero

que, aunque en ciertos casos podía hacerlo, le era difícil continuar subiendo a los techos, y que su ingreso anual había mermado. También demostró la prueba que como resultado del accidente el demandante sufrió varias fracturas del brazo izquierdo, se le practicaron dos operaciones, perdió dos dedos de su mano izquierda y ha quedado permanentemente mutilado de dicho brazo, habiendo perdido totalmente las funciones fisiológicas del mismo, y que aunque hay remota posibilidad de recobrar parte del funcionamiento del brazo mediante ciertas operaciones, el resultado de las mismas es dudoso. Tomando en consideración la prueba anterior, así como la cuantía de la indemnización concedida por nosotros en los varios casos de daños y perjuicios que nos cita el demandante, consideramos que la cantidad de $7,000 concedida es suficiente y que el tribunal inferior no abusó de su discreción al fijar la indemnización en esa suma. A igual conclusión llegamos respecto a los honorarios de abogado, tomando en consideración las cuestiones de derecho planteadas y discutidas y la labor legal realizada.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Todd, Jr., no intervino.