VICENTE VEGA, demandante y apelado, *v.* COMPAÑÍA POPULAR DE TRANSPORTE, INC., demandada y apelante.

Núm. 10366.—*Sometido:* Abril 17, 1951. *Resuelto:* Mayo 18, 1951.

*H. Ramos Mimoso,* abogado de la apelante; *García Cabrera & Cuyar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Ante el extinto Tribunal de Distrito de San Juan, Vicente Vega inició demanda de daños y perjuicios contra la Compañía Popular de Transporte, Inc. Alegó en esencia que el domingo 4 de abril de 1948, como a las seis y media de la tarde, al abordar en San Juan una de las lanchas de la de-

mandada con el propósito de trasladarse al vecino pueblo de Cataño y al bajar la escalera que conduce de la cubierta a la cabina interior perdió el equilibrio y cayó al piso, sufriendo la fractura de la muñeca izquierda y perdiendo el 35 por ciento de las funciones fisiológicas del brazo izquierdo. Celebrado el juicio en sus méritos, el tribunal inferior dictó sentencia declarando con lugar la demanda y concediendo al demandante $3,000 por concepto de daños físicos, $1,000 por daños morales, $150 para honorarios y tratamiento médicos y $300 para honorarios de abogado.

De los tres errores señalados por la demandada en apelación, sólo es necesario discutir el primero. Éste es al efecto de que "el tribunal inferior erró al no desestimar la demanda por falta de causa de acción". La única persona que figura como demandante lo es Vicente Vega, no haciéndose mención alguna en el título ni en el cuerpo de la demanda de su estado civil, ni indicándose en modo alguno que la demanda se insta para beneficio de otra persona que no sea el propio demandante. Durante el curso del juicio surgió, sin embargo, que para la fecha del accidente([1]) el demandante era casado con Rosa de Lima Ortiz; que de ésta se divorció con posterioridad al mismo([2]) y que para la fecha en que se radicó la demanda([3]) el demandante era ya divorciado. Al salir a relucir esos hechos la demandada solicitó inmediatamente de la corte que declarara sin lugar la demanda, por no aducir ésta hechos determinantes de una causa de acción. Esta pretensión de la demandada fué reiteradamente declarada sin lugar.

Conforme dijimos en 26 del pasado mes en la opinión emitida en el caso de *Echevarría* v. *Despiau*, ante pág. 472:

"En innumerables ocasiones hemos resuelto que la acción por daños ocasionados a cualquiera de los cónyuges pertenece a la

---

([1]) 4 de abril de·1948.
([2]) 14 de mayo de 1948.
([3]) 22 de noviembre de 1948.

sociedad de gananciales y que el marido en su carácter de administrador de ésta es el llamado a iniciarla. *Meléndez* v. *Iturrondo,* 71 D.P.R. 60, 62; *Rivera* v. *De Martínez,* 70 D.P.R. 482; *Serrano* v. *González,* 68 D.P.R. 623; *Serra* v. *Autoridad de Transporte,* 68 D.P.R. 626; *Guadalupe* v. *Corte,* 65 D.P.R. 293, 295; *Segarra* v. *Vivaldi,* 59 D.P.R. 803, 808; *Torres* v. *Fernández,* 56 D.P.R. 482, 486; *González* v. *White Star Bus Line,* 53 D.P.R., 345, 347; *Flit* v. *White Star Bus Line,* 49 D.P.R. 144; *Vázquez* v. *Porto Rico Ry., Light & Power Co.,* 35 D.P.R. 62. También hemos resuelto repetidamente que si la demanda en casos de esa naturaleza es traída por la esposa, tal defecto no constituye falta de capacidad para demandar, sino más bien falta de causa de acción. *Serrano* v. *González,* supra, a la pág. 624. Asimismo, que la sociedad de gananciales es una entidad separada y distinta de la de los cónyuges que la componen. *Rivera* v. *Casiano,* 68 D.P.R. 190; *Robles* v. *Guzmán,* 67 D.P.R. 718, 722; *Rosaly* v. *Ríos,* 63 D.P.R. 836; *Ex parte García,* 54 D.P.R. 503."

Decidimos en él que si bien la acción de daños y perjuicios allí interpuesta lo había sido exclusivamente a nombre del marido, como en el curso del juicio surgió que el demandante era casado tanto para la fecha en que ocurrió el accidente como para aquélla en que se radicó la demanda, el tribunal sentenciador podía *motu proprio* considerar la demanda como enmendada a tal efecto y la acción como instada para beneficio de la sociedad de gananciales.

En el presente caso, no obstante, la situación es distinta. Aquí el demandante era casado para la fecha en que ocurrió el accidente y divorciado para la época en que a nombre propio entabló la demanda.

Cuando a cualquiera de los cónyuges ocurre un accidente la acción de daños y perjuicios a entablarse pertenece a la sociedad de gananciales, y mientras marido y mujer estén unidos por el vínculo del matrimonio el marido es el llamado a incoar la acción, sin necesidad de que haga constar en el título de la demanda el carácter con que comparece. Sin embargo, al ponerse fin por cualquier motivo al matrimonio cesan las facultades que dentro de la sociedad de gananciales tenía el marido y cada uno de los cónyuges adquiere el dere-

cho a una mitad indivisa de todos los bienes gananciales exis-
tentes. Véanse *Vega* v. *Tossas*, 70 D.P.R. 392, 395 y nota
2 a la pág. 396; *Pérez* v. *Registrador*, 62 D.P.R. 789, 792,
794; *National City Bank* v. *De La Torre*, 54 D.P.R. 233,
239; *Fabián* v. *Registrador*, 25 D.P.R. 899; y Manresa,
Comentarios al Código Civil Español, tomo 9, quinta edición,
1950, págs. 671, 718.[4]  Esto es así porque si bien de
acuerdo con nuestro Código Civil "el marido será el admi-
nistrador de los bienes de la sociedad conyugal salvo esti-
pulación en contrario",[5] el propio cuerpo legal provee
que "el vínculo del matrimonio se disuelve . . . por el divor-
cio legalmente obtenido"; que "el divorcio lleva consigo la
ruptura completa del vínculo matrimonial y la separación
de propiedad y bienes de todas clases entre los cónyuges",
y que "la sociedad de gananciales concluye al disolverse el
matrimonio en los casos señalados en este Código,  . . ."[6]

De acuerdo con la Regla 17(a) de las de Enjui-
ciamiento Civil, "toda acción deberá ejercitarse en nombre
de la parte realmente interesada." Cuando se instó la de-
manda, como hemos dicho, ya el demandante se había divor-
ciado de la que fué su esposa.  La acción de daños y per-
juicios que en su origen perteneció a la sociedad de ganan-
ciales, debió haber sido iniciada en el presente caso por las
dos personas naturales que para la fecha en que ocurrió el
accidente constituían esa sociedad.  Como cuestión de hecho
no fué iniciado por esas dos personas, sino meramente por
una de ellas, es decir por el exmarido.  Éste es una parte
necesaria e indispensable en el pleito.  La exesposa también

---

[4] Al considerar la cuestión aquí envuelta debe tenerse presente que
bajo el Código Civil Español el divorcio conllevaba solamente la separa-
ción de la vida común de los cónyuges, quedando subsistente el vínculo,
mientras que bajo nuestro Código Civil el divorcio produce la absoluta
separación y ruptura del vínculo matrimonial con todas sus consecuencias
en cuanto a la persona y bienes de los divorciados.  Véase Dr. Muñoz
Morales, Reseña Histórica y Anotaciones al Código Civil de Puerto Rico,
Libro Primero, pág. 259.

[5] Véanse artículos 91 y 1312 del Código Civil, ed. 1930.

[6] Véanse los artículos 95, 105 y 1315 del Código Civil, ed. 1930.

lo es, pero su ausencia del pleito no constituye falta de causa de acción, sino un defecto de parte.

Cuando la acción de daños y perjuicios perteneciente a la sociedad de gananciales es iniciada exclusivamente por la esposa, la demanda no aduce causa de acción, como hemos dicho, porque siendo el marido el administrador de la sociedad de gananciales él es el llamado a instalarla, y en tal caso la mujer no es parte necesaria ni indispensable, y no siéndolo, cualquier demanda de daños y perjuicios por ella instada a ese efecto resulta ineficaz y no determina una buena causa de acción. En el caso de autos el exmarido, repetimos, era uno de los dos demandantes necesarios e indispensables. La ausencia de la exesposa como demandante, no debe ser, sin embargo, motivo para declarar sin lugar la demanda, toda vez que de acuerdo con lo provisto de manera expresa por la Regla 21 "El defecto o la indebida acumulación de parte no será motivo para desestimar una acción." La actuación de la corte inferior al no desestimar la demanda resulta ser correcta. No obstante, la sentencia debe ser revocada y el caso devuelto al tribunal inferior para que se permita a Rosa de Lima Ortiz, la exesposa, figurar como demandante. De no desear ella figurar como tal, el demandante Vega podrá hacerla parte demandada en el pleito. Regla 19(a).(⁷) Ya figure la exesposa como demandante o como demandada, deberá celebrarse un nuevo juicio, a no ser que las partes, incluyendo a la exesposa, estipulen someter el caso por la prueba ya aducida.

Nada de lo dicho en *Sarria* v. *Alvarez y Asencio, Interventor*, 48 D.P.R. 202, milita contra lo que aquí estamos resolviendo. El mismo es claramente distinguible, toda vez que en él si bien una acción perteneciente a la sociedad de gananciales fué entablada únicamente por un marido divor-

(⁷) La Regla 19(a) en lo pertinente provee:
". . . . . Cuando una persona que deba figurar como demandante rehusare hacerlo o no pueda obtenerse su consentimiento podrá hacerse parte demandada."

ciado, tal defecto fué subsanado al comparecer la exesposa como interventora.  Resolvimos que bajo esas circunstancias la demanda no adolecía del defecto de parte demandante.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos consistentes con esta opinión.*