# 95 DTA 153

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE BAYAMON
## PANEL SUSTITUTO (C.R. III)

ISRAEL SANTIAGO RIVERA
Querellante y Apelante

v.

WESTERN AUTO CORPORATION
Querellada y Apelada

Núm. KLAN-95-0257

San Juan, Puerto Rico, a 25 de mayo de 1995

Panel integrado por su presidente, Juez Arbona Lago

y los Jueces Salas Soler y Giménez Muñoz

Giménez Muñoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los hechos del presente caso parecen ser parecidos, pero difieren, de otros casos en los cuales se ha dictaminado sobre la controversia que plantea la presentación de una contestación a una querella después de vencido el término de 10 días para contestar, según el procedimiento especial dispuesto en la sección 3 de la Ley Núm. 2 del 17 de octubre de 1961, 32 L.P.R.A. sec. 3120.

### I

Los hechos del presente caso, según surgen del legajo del caso de Instancia, son los siguientes:

El Sr. Israel Santiago Rivera, querellante-apelante, presentó el 7 de junio de 1994, una querella contra Western Auto de Puerto Rico, Inc., alegando haber sido despedido de su empleo sin justa causa. Se acogió al procedimiento sumario que provee la Ley Núm. 2 del 17 de octubre de 1961, 32 L.P.R.A. sec. 3118, *et seq.*

El 14 de junio, el Sr. Gabriel Zayas, Gerente General de Western, fue notificado de la reclamación y siete días después, el 21 de junio, Western presentó Moción de Prórroga juramentada por su abogada, solicitando un término adicional de 30 días para contestar la querella. Señaló Western que *"la suscribiente ha estado investigando y discutiendo los hechos del caso con los oficiales de la querellada. Sin embargo, aún no ha podido obtener toda la información que necesita para presentar responsablemente una contestación".*

El 6 de julio de 1994, el apelante radicó Moción de Anotación de Rebeldía, por entender que el término para contestar había vencido el 24 de junio, a pesar de la prórroga solicitada y radicada. Esta solicitud de rebeldía fue declarada sin lugar el 7 de julio y luego la Contestación a la Querella, de fecha 22 de julio, fue presentada y admitida por el Tribunal.

Celebrada la vista en los méritos en el mes de noviembre de 1994, el Tribunal dictó sentencia el 23 de enero de 1995, señalando que el querellante-apelante, a la fecha de su despido, era empleado de Western como Técnico Automotriz y que había violado reiteradamente las normas implantadas por Western para el funcionamiento ordenado y seguro de la empresa.

Los hechos relevantes según surgen del expediente revelan que el quererellante-apelante en varias ocasiones, a pesar de las instrucciones impartidas, violó la norma que requiere el uso de gafas de seguridad en todo momento en el área del taller de trabajo y que este obstinado incumplimiento del apelante hizo su agosto el 12 de octubre de 1992, cuando incurrió en insubordinación y conducta impropia pues, mientras torneaba un disco, con las gafas colgadas al cuello, se le llamó la atención en tres ocasiones y respondió disgustado con una frase obscena. En consecuencia, resolvió el Tribunal, que siendo la disciplina y obediencia en el taller del trabajo un elemento importante para la buena marcha y seguridad de los empleados, su despido estuvo justificado.

Inconforme con dicho dictamen, el señor querellante-apelante recurre ante nos planteando los siguientes errores:

*"1. Incidió el Tribunal de Instancia al conceder una prórroga ilegal de 30 días a la querellada y apelada sin jurisdicción y negarse a dictar la sentencia en rebeldía solicitada por el apelante bajo el procedimiento sumario de la Ley Núm. 2 del 17 de octubre de 1961.*

*2. Incidió el Tribunal de Instancia al admitir la Contestación a la Demanda sin jurisdicción fuera del término de 20 días y señalar el caso para conferencia con antelación al juicio y negando el señalamiento obviando el procedimiento sumario de la Ley Núm. 2-supra.*

*3. Incidió el Honorable Tribunal en la interpretación de la prueba al adjudicar las cuestiones de credibilidad en contra del empleado contrario a la jurisprudencia del caso de Vélez Rodríguez v. Pueblo International, Inc., CE-94-25."*

Corresponde examinar la sección 3 de la Ley Núm. 2, *supra*, que establece el término para presentar la contestación a una reclamación instada bajo el procedimiento especial de carácter sumario. En relación a esta disposición el Tribunal Supremo ha resuelto que el término allí concedido es uno de cumplimiento estricto y los tribunales tienen la obligación de darle vigencia al mandato legislativo de diligencia y prontitud en la tramitación de las reclamaciones laborales. *Díaz v. Hotel Miramar, Corp.*, 103 D.P.R. 314 (1975)▆

En *Román Cruz v. Díaz Rifas*, 113 D.P.R. 500 (1982), se señala que aunque la ley es de cumplimiento estricto, se debe observar cada caso de forma particular, ya que pueden mediar circunstancias especiales que requieran alguna flexibilidad en la aplicación de la ley. *Murphy Lugo v. Atlantic Southern Ins. Co.,* 91 D.P.R 335 (1964) y *Secretario del Trabajo v. Tribunal Superior,* 91 D.P.R. 864 (1965).

Un examen de los autos refleja que el Tribunal de Primera Instancia aceptó la Contestación a la Querella que fue presentada durante el término de la prórroga solicitada y concedida a Western exponiendo bajo juramento los motivos justificativos de la dilación, como expresamente lo requiere la ley. El marco de circunstancias especiales permitían y más que permitían, exigían, que se aplicase con flexibilidad los términos de la Ley Núm. 2. Se trataba de una parte, que por mediación de su abogada, responsablemente radica una solicitud para que se prorrogue el término para contestar la querella, solicitud que presenta el día séptimo bajo juramento, exponiendo las razones por las que no le era dable contestar la querella. Es decir, que la parte, al carecer de toda la información necesaria para contestar responsablemente, no podía, ajustándose a la verdad, aceptar o negar las alegaciones formuladas ni hacer una alegación responsiva con *"todas las defensas u objeciones"* como requiere la ley.

En tales circunstancias y como claramente ha sido resuelto, el Tribunal de Instancia tenía discreción y facultad para actuar como lo hizo y favorecer una vista en los méritos.

El término de 10 días no es fatal ya que, como hemos visto, en circunstancias especiales la justicia es mejor servida aceptando la contestación y permitiendo que el caso sea resuelto en los méritos. *Mercado Cintrón v. Zeta Communications, Inc.,* ___ D.P.R. ___ (1994), **94 JTS 50.** En dicho caso se expresó:

*"El hecho de que en ocasiones las circunstancias especiales de algún caso particular requieran alguna flexibilidad en la aplicación de la Ley Núm. 2, como lo reconocimos en Román Cruz v. Díaz Rifas, 113 D.P.R. 500 (1982), de ningún modo nos da carta blanca para soslayar en cualquier caso el inequívoco y mandatorio precepto de rapidez en el trámite judicial estatuido en la Ley Núm. 2."*

Es deber de los tribunales interpretar y aplicar la ley de tal modo que la justicia tenga primacía sobre los tecnicismos. Así, parafraseando al Tribunal Supremo, en *Serra v. Autoridad de Transportes,* 68 D.P.R. 629 (1948), los casos serán resueltos en sus méritos y no por sutilezas de alegaciones y procedimientos.

Los errores primero y segundo no fueron cometidos.

Pasando a considerar el tercer error, que el Tribunal de Instancia erró al interpretar la prueba desfilada, no debe existir duda de que los hechos de este caso reflejan que medió justa causa para el despido conforme a derecho.

En este caso, Western adoptó reglas de conducta y disciplina entre las que estableció que no toleraría la indisciplina ni la insubordinación del empleado. Western adoptó, además, la norma del uso de gafas de seguridad en el Departamento de Servicio, norma que responde al deseo de operar el comercio con seguridad para sus empleados, política ésta que hizo constar por escrito y que el apelante conocía.

De la prueba testifical creída surge que el apelante infringió la política sobre el uso de gafas de seguridad en reiteradas ocasiones al extremo de que el 12 de octubre el apelante fue observado torneando un disco sin utilizar gafas y que al llamársele la atención en tres ocasiones continuas, se negó a utilizarlas y respondió displicente y descortésmente con una frase obscena. ▮ Cabe señalar que el querellante-apelante ni siquiera alega pasión, prejuicio y parcialidad o error manifiesto que nos convenza de que debamos desviarnos de las determinaciones de hechos del tribunal *a quo.*

Resolvemos en consecuencia que el Tribunal de Primera Instancia no cometió error alguno. Se confirma la sentencia apelada.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

## ESCOLIOS 95 DTA 153

1. *J. Ortiz Marrero v. Posada,* KLAN-95-00021 y *Héctor Solá López v. Banco de Comercio,* KLCE-95-00013, ambos del Tribunal de Circuito de Apelaciones.

2. La exposición narrativa de la prueba no fue sometida por cuya razón no se nos ha puesto en condiciones para intentar variar la apreciación de la prueba realizada. Sin embargo, hemos utilizado los hechos que surgen del legajo. Exhortamos a la representación legal del apelante para que, en el futuro, se ciña a lo dispuesto en el reglamento de este Tribunal.