JORGE SARRIA, demandante y apelado, *v.* VICTORIANO ÁLVAREZ PENIZA, demandado y apelante; ANA MARÍA ASENCIO, interventora y apelada.

No. 6552.—*Sometido:* Marzo 5, 1935. *Resuelto:* Marzo 8, 1935.

*Pedro G. Quiñones*, abogado del apelante; *Ángel A. Vázquez*, abogado del apelado; *Carlos D. Vázquez*, abogado de la interventora apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 26 de noviembre de 1932 Jorge Sarria inició una acción contra Victoriano Álvarez Peniza en cobro del importe de una sentencia obtenida por dicho demandante en 20 de enero de 1926 contra V. Álvarez & Co., por la cantidad de $1,778.72 e intereses al 6 por ciento anual a partir desde el 5 de abril de 1924 hasta su completo pago. Se alega en la demanda que esta sentencia no ha sido satisfecha ni en todo ni en parte por la mercantil V. Álvarez & Co. ni por su socio gestor el demandado Victoriano Álvarez Peniza, y se añade que en 27 de diciembre de 1928 se libró mandamiento para la ejecución de la sentencia aludida y que el márshal de la corte la devolvió sin cumplimentar, porque la citada mercantil es insolvente y carece de bienes con que hacer efectiva la sentencia. El demandado se ha negado a satisfacer la suma de $2,934.14 a que asciende el montante de la sentencia con sus intereses.

Negó el demandado que V. Álvarez & Co. fuese una sociedad mercantil constituída con arreglo a las leyes de Puerto Rico en la fecha en que se radicó la demanda contra dicha

sociedad y en que se dictó la sentencia cuyo importe se reclama. Alega que el contrato de la constitución de esta sociedad estaba vencido y no se había prorrogado; quedando disuelta por dicho motivo. Admite el demandado que fué condenado a satisfacer la suma que se reclama en la demanda. Niega, por carecer de suficiente información y creencia, que el 27 de diciembre de 1928 ni en ninguna otra fecha se librara mandamiento de ejecución de la sentencia aludida y que el márshal de la corte la devolviera sin cumplimentar y asimismo niega que la citada mercantil fuera insolvente y que careciera de bienes para hacer efectiva la sentencia mencionada.

Como materia nueva alegó el demandado que la cantidad que se reclama en la demanda procede de servicios prestados por el demandante, siendo casado con doña Ana María Asencio, y que más tarde, en 5 de abril de 1927, se divorció del demandante la referida señora Ana María Asencio, quien es dueña de la mitad del importe de dicha sentencia. Alega el demandado que esta señora no figura como parte demandante en este caso, y que su esposo no puede ejercitar una acción para cobrar bienes que pertenecían y pertenecen a la sociedad de gananciales.

También se establece la defensa de que la demanda adolece de un defecto de parte demandada porque en ella no se alega que Victoriano Álvarez fuera el único socio gestor de la sociedad V. Álvarez & Co. ni se demanda a dicha sociedad en liquidación.

Más tarde, después de contestada la demanda, la señora Ana María Asencio solicitó y obtuvo permiso para radicar una demanda de intervención basada en los mismos hechos contenidos en la demanda original. Alegó la interventora que la sentencia cuyo cobro es objeto de este pleito pertenecía a la sociedad de gananciales que había tenido constituída con el demandante Jorge Sarria, y solicitó que se dictara sentencia condenando al demandado a pagarle la mitad de la suma reclamada en la demanda original. El demandante

Jorge Sarria estuvo conforme en que se dictara sentencia en contra del demandado Victoriano Álvarez de acuerdo con lo solicitado por la interventora. Negó el demandado los hechos esenciales de la demanda de intervención, estableciendo las mismas defensas interpuestas contra la demanda original. La corte de distrito dictó sentencia condenando al demandado a satisfacer al demandante y a la interventora, de por mitad para cada uno, la suma reclamada en la demanda con intereses, costas y honorarios de abogado.

■■ Alega el apelante que la corte de distrito cometió error en no sostener que existía un defecto de parte demandante en la demanda original y en la demanda de intervención: en la primera por no figurar como parte la Sra. Ana María Asencio, y en la segunda por no haberse unido a la demanda de intervención el Sr. Jorge Sarria. No podemos estar conformes con el demandado. Si, como alega, hubo defecto de partes demandantes en la demanda original, si creyó que la Sra. Asencio era una parte necesaria, la comparecencia de esta señora uniéndose al demandante para que entre ambos se divida el importe de la sentencia, lejos de perjudicarle le favorece, porque facilita la decisión de la corte con la intervención de todas las partes que es lo que parece interesar para su protección el demandado. Como muy bien dice el demandante, si Ana María Asencio compareció en este litigio por medio de intervención o en virtud de enmienda a la demanda original, es cuestión que no tiene importancia. Lo verdaderamente fundamental es que estuviese ante la corte a fin de colocar al tribunal en condiciones de dictar sentencia, manteniendo bajo su jurisdicción a todas las partes necesarias, sin perjuicio alguno para el demandado. Aún la misma corte, en ciertos casos, puede disponer la comparecencia de una parte cuando esta comparecencia sea necesaria para una completa resolución de la controversia entablada. La alegación de que la demanda de intervención contiene el mismo defecto de parte demandante que la demanda original es insos-

tenible. No comprendemos cómo pueda intervenir en un pleito una parte que desde el momento en que inició su acción está presente en la corte y bajo su jurisdicción. Deben desestimarse los errores apuntados.

El tercer error se basa en no haber sostenido la corte inferior que existía un defecto de parte demandada tanto en la demanda original como en la de intervención. El apelante arguye que en ambas demandas debió hacerse constar que Victoriano Álvarez era el único socio gestor de la sociedad V. Álvarez & Co. y que esta sociedad en liquidación debió figurar como parte demandada. No existe, a nuestro juicio, el defecto que se señala. Precisamente por haber sido demandada y no haberse podido ejecutar la sentencia dictada contra la referida sociedad, es que se está demandando al socio colectivo Victoriano Alvarez. De acuerdo con el artículo 127 del Código de Comercio antiguo, equivalente al 125 del mismo código, edición de 1930, todos los socios que forman la compañía colectiva, sean o no gestores de la misma, quedarán obligados personal y solidariamente a las resultas de las operaciones que se hagan a nombre y por cuenta de la compañía, bajo la firma de ésta y por persona autorizada para usarla. *Pierluisi* v. *Monllor,* 42 D.P.R. 11. En la escritura mediante la cual se constituyó la mercantil V. Álvarez & Co., se hace constar que son socios comanditarios don Marcelino Portela y Sucs. de José Martínez, y único socio colectivo y gestor el ahora demandado Victoriano Álvarez. El apelante admitió en su contestación que dicha sociedad quedó disuelta por haber vencido el contrato de su constitución sin haber sido prorrogado. Debe desestimarse el error apuntado.

El cuarto motivo de error se basa en haber admitido como prueba la corte inferior el mandamiento de ejecución de sentencia expedido el 27 de abril de 1928 en el caso seguido contra V. Álvarez & Co. Al examinar este señalamiento de error notamos que no aparece argumentado en el alegato del apelante. Sin embargo, en la discusión del tecrer

motivo de error el demandado nos dice que la alegación de que V. Álvarez & Co. es insolvente y carece de bienes no ha sido probada, porque el diligenciamiento del márshal en el mandamiento de ejecución no puede constituir evidencia para probar hechos tan esenciales como los que se alegan en la demanda original y en la de intervención. Arguye el demandado que se opuso a la admisión de dicho mandamiento de ejecución por considerarlo nulo. La alegada nulidad se basa en que cuando se trató de ejecutar la sentencia Jorge Sarria no podía obtener su ejecución, porque no era dueño de la totalidad de la misma, toda vez que para esa fecha se había ya divorciado de su esposa. El márshal dijo en el diligenciamiento que requirió de pago a Victoriano Álvarez, socio gestor de V. Álvarez & Co., y que el requerido manifestó que los haberes de la referida mercantil, tanto el pasivo como el activo, fueron liquidados por Sucs. de José Martínez, cuya mercantil también está extinguida por haberse disuelto y liquidado sus propiedades.

Asumiendo, sin decidirlo, que fuese nula la orden de ejecución y que su diligenciamiento y las declaraciones del márshal no pudiesen admitirse como prueba, siempre tendríamos que el demandado prácticamente admitió que la mercantil V. Álvarez & Co. era insolvente y carecía de bienes para hacer efectiva la sentencia. Decimos esto porque el demandado negó por información y creencia las alegaciones de la demanda sobre este particular. Esta negación no debe ser permitida cuando es claro que la parte tiene conocimiento personal de los hechos que niega. *Dimas* v. *López,* 41 D.P.R. 882; 49 Corpus Juris, párrafo 334, páginas 267–268.

En este caso los hechos descansan necesariamente en el conocimiento de Victoriano Álvarez. Él era el único socio gestor de V. Álvarez & Co., y no podía negar por información y creencia que la mercantil fuese insolvente y careciese de bienes con que hacer efectiva la sentencia. Nadie mejor que él estaba en condiciones de saber el estado financiero de

208

la mercantil referida. Su negación equivale prácticamente a una admisión de los hechos alegados en la demanda sobre este particular. Debe desestimarse el error apuntado.

■ Se alega últimamente que la corte inferior cometió error al imponer las costas y honorarios de abogado al demandado. Entiende el apelante que no es justo ni equitativo este pronunciamiento, porque Jorge Sarria demandó a Victoriano Álvarez sin la concurrencia de la que fué su esposa, a quien pertenecía la mitad del importe de la sentencia obtenida contra V. Álvarez & Co. Se arguye que el demandado hizo bien en defenderse para salvar su responsabilidad en cuanto a la referida señora y que por lo tanto no ha sido temerario. No ponemos en tela de juicio los esfuerzos del demandado para protegerse contra una posible reclamación de la Sra. Asencio, que no figuró originalmente como parte en la demanda; pero es claro que cuando esta señora intervino, uniéndose al demandante en su reclamación, el demandado pudo allanarse a la demanda y permitir que se dictara sentencia contra él. No lo hizo así, y por el contrario insistió en su actitud y continuó oponiéndose a la referida reclamación. Entendemos que no surge de los autos razón alguna para que relevemos al apelante del pago de las costas y honorarios de abogado que le fueron impuestos por la corte inferior en el uso de sus facultades discrecionales.

*Debe confirmarse la sentencia apelada.*