JUAN Y MANUEL RODRÍGUEZ PÉREZ y JOSÉ, MERCEDES Y DOLORES SERRANO RODRÍGUEZ, como únicos herederos de JOSÉ RODRÍGUEZ PÉREZ, demandantes y apelantes, *v.* BANCO POPULAR DE PUERTO RICO, demandado y apelado.

Núm. 9293.—*Sometido:* Noviembre 4, 1946. *Resuelto:* Diciembre 21, 1946.

*Luis E. Dubón* y *Félix Ochoteco, Jr.,* abogados de los apelantes; *Gabriel de la Haba, Damián Monserrat, Jr.,* y *Rafael Baragaño, Jr.,* abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En un supuesto testamento oral José Manuel Rodríguez fué declarado único y universal heredero de José Rodríguez Pérez, quien falleció en el hospital del Auxilio Mutuo sin dejar descendientes ni ascendientes. El heredero solicitó de la Corte de Distrito de Bayamón la protocolización de dicho testamento y así lo ordenó la corte. El supuesto heredero presentó al Banco Popular de Puerto Rico la resolución de la corte, así como la minuta del testamento y de la escritura de protocolización, procediendo éste a entregarle el importe de dos cuentas que el causante tenía en dicha institución y que ascendían a un total de $41,628.96. Posteriormente un hermano del testador residente en España impugnó la resolución dictada y visto el caso ante la Corte de Distrito de San Juan, fué declarado nulo el testamento. Apelada dicha sentencia fué confirmada por este Tribunal. *Rodríguez* v. *Rodríguez,* 62 D.P.R. 885.

Los demandantes en el presente caso, declarados únicos y universales herederos de José Rodríguez Pérez, iniciaron acción contra el Banco Popular solicitando la devolución de las cantidades depositadas sosteniendo que el pago que hiciera dicho banco al supuesto heredero no exoneró a dicha entidad de su obligación para con los herederos del deposi-

tante finado, por las siguientes razones: (a) Por no haber autorizado los herederos legítimos del aludido causante a dicho demandado apelado para que dispusiera del referido saldo; (b) porque habiendo el banco demandado verificado el pago a virtud de la resolución de la Corte de Distrito de Bayamón que ordenó la protocolización del aludido testamento y expresándose en la misma que se declaraba a José Manuel Rodríguez heredero de José Rodríguez Pérez, sin perjuicio de tercero, siendo terceros los demandantes y apelantes, tal pago no podía perjudicarles; (c) porque consignándose expresamente en la resolución sobre protocolización del citado testamento que el causante había fallecido sin dejar testamento, que el causante había fallecido sin dejar ascendientes o descendientes, el Banco Popular de Puerto Rico sabía cuando hizo el citado pago que lo estaba haciendo sin perjuicio de tercero; (d) por aparecer de la faz de la ameritada resolución que la persona a quien el apelado le estaba haciendo tal pago no era uno forzoso y por lo tanto su institución lo era sin perjuicio de tercero; (e) porque de la evidencia aportada por el peticionario y que dió lugar se dictara la citada resolución también aparecía que los testigos que habían intervenido en el expresado testamento no eran idóneos por no ser vecinos, ni domiciliados del lugar donde se decía otorgado el mencionado acto de última voluntad; y por último, (f) por no haber sido aún satisfecha la contribución de herencia a la fecha en que el banco demandado apelado efectuó el pago. Los demandantes solicitaron que se condenara al demandado a pagarles el importe de las cuentas del causante menos determinadas deducciones que consideraron correctas.

Ante la corte de distrito el demandado formuló moción para que se desestimara la demanda por no alegar hechos suficientes constitutivos de una causa de acción. Dicha moción fué declarada con lugar y se enmendó la demanda. A esta demanda enmendada se le opuso otra moción de deses-

timación que también fué sostenida por la corte. Entonces los demandantes solicitaron se dictara sentencia sobre las alegaciones y contra la dictada desestimando la demanda interpusieron el presente recurso de apelación y alegan que la corte inferior cometió cuatro errores los cuales se basan virtualmente en los mismos fundamentos expuestos anteriormente bajo las letras (*a*) a (*f*). Los marcados con las letras (*a*) a (*e*) pueden resolverse conjuntamente.

Sostienen los apelantes que las relaciones existentes entre José Rodríguez Pérez, luego su Sucesión, y el Banco Popular era una de acreedor y deudor y que la única forma en que el banco deudor podía haber quedado relevado de su obligación era mediante el pago a dicha sucesión de acuerdo con el artículo 1116 del Código Civil dispositivo de que "El pago deberá hacerse a la persona en cuyo favor estuviese constituída la obligación, o a otra autorizada para recibirlo en su nombre." Tienen razón los apelantes al establecer esta primera alegación, empero, ¿a quién fué que el Banco Popular hizo el pago? ¿No fué precisamente a persona "autorizada para recibirlo en su nombre," es decir, a José Manuel Rodríguez, declarado heredero del acreedor por una corte? Pero es más: el artículo 1118 del Código Civil dispone que "El pago hecho de buena fe al que estuviere en posesión del crédito, liberará al deudor."

Comentando Manresa el artículo 1164 del Código Civil Español, concordante con el 1118 del nuestro, establece en el volumen 8, edición 1901, página 259, de su obra que: "Serán casos de aplicación del art. 1164 y consiguiente eficacia del pago: el hecho al acreedor primitivo por un deudor que no conozca la cesión del crédito ni la incapacidad sobrevenida a aquél; el que se verifique en favor de un cesionario, reconocido como tal, aunque después se declare la rescisión o nulidad de la transmisión, y el que se haga a los que, como herederos, posean la del acreedor. En estos casos, *ni puede perjudicar al deudor que aquéllos a quienes pague sean luego*

*vencidos en juicio, ni a los que en éste triunfen quedará otro medio que reclamar al que cobró indebidamente."* (Bastardillas nuestras.)

Scaevola también se manifiesta de acuerdo con esta doctrina en su obra Comentarios al Código Civil, tomo 19, página 897, diciendo:

"El más típico ejemplo de estas posesiones está en el heredero aparente, de que hemos hecho mérito en la materia sucesorial, a manos del que llega la herencia con presunto pleno derecho, sin que real y efectivamente lo tenga; pues, como es sabido, especialmente en las sucesiones de la línea colateral ocurre con frecuencia que el derecho del supuesto heredero *ab intestato* se desvanezca fácilmente.

"El heredero aparente, y en general el acreedor aparente, pueden obrar de buena fe o sin ella en la reclamación de los derechos de que al parecer se encuentran investidos. A veces sospechan y a veces desconocen la nulidad del título con que les ha sido concedida la facultad. Pero en este punto, para la ley es indiferente *la buena o la mala fe del acreedor*, pues como se trata solamente de apreciar la validez del pago y, en su consecuencia, la posibilidad de una segunda reclamación contra el deudor, el Código prescinde de toda otra consideración, para estos efectos, *que la de la buena o mala fe de la persona que verifique el pago."* (Bastardillas nuestras.)

En la demanda en este caso no se alegó mala fe por parte del banco demandado y no pudiendo ésta presumirse, es de aplicación, por tanto, el artículo 1118 del Código Civil, supra. El Banco tuvo ante sí no sólo al poseedor del crédito sino a la persona revestida de las condiciones externas de acreedor verdadero. Según Scaevola (Vol. 19, pág. 899) éste es el requisito necesario para que el pago hecho libere al deudor. A este mismo efecto el Tribunal Supremo de España dictó sus sentencias de 6 de diciembre de 1895 (78 J. C. 508) y 28 de febrero de 1896 (79 J. C. 394).

Comentando dichas sentencias Martínez Ruiz, en su obra Código Civil, vol. 7, pág. 249, nos dice: "El precepto del artículo 1.164, según el cual, el pago hecho de buena fe al que estuviere en posesión del crédito, liberará al deudor, lo aclaran las sentencias de 6 de Diciembre de 1895 y 28 de

Febrero de 1896, que a continuación pueden consultarse. Según ellas, además de la buena fe con que se realice el pago, ha de concurrir en el que lo reciba, no la *posesión del documento en que el crédito conste, sino la posesión del crédito mismo,* es decir, *la cualidad aparente de acreedor, que haga presumir racionalmente al deudor que el pago es legítimo y debe surtir los efectos legales. . .* ". (Bastardillas nuestras.)

El· banco no hizo otra cosa que pagar de buena fe a la persona que había sido declarada heredera por una corte, y no tenía facultad para desatender lo resuelto ni le competía ir a la corte a alegar que la resolución dictada estaba viciada de nulidad. José Manuel Rodríguez, para el banco, tenía la cualidad aparente de acreedor suyo por haber sido declarado por la corte heredero de José Rodríguez Pérez, dueño anterior del crédito. Toda presunción es a favor de la legalidad de una sentencia dictada por un tribunal competente, *Moral & Co.* v. *Diez et al.,* 16 D.P.R. 332, y no puede presumirse que el banco en este caso actuara de mala fe, ya que, como hemos dicho antes, dicha mala fe no fué alegada ni probada por los demandantes.

Los casos citados por los apelantes no son aplicables a la situación de hechos que presenta el de autos. En el de *Kansas Milling Co.* v. *Royal Bank of Canada,* 52 D.P.R. 101, lo que resolvimos fué que un banco que aceptó para su cobro unos giros acompañados de instrucciones específicas de que no debían entregarse a ninguna otra persona que al librado, si los entrega a otro banco para su cobro y éste cierra sus puertas después de cobrarlos, el banco es responsable al librador. de lo giros por su importe. Como puede verse la cuestión envuelta no tiene relación alguna con la que estamos considerando. Tampoco son aplicables los casos de *Pérez Casalduc* v. *Díaz Mediavilla,* 41 D.P.R. 349, y *Anaud* v. *Martínez,* 40 D.P.R. 669, por estar envueltas en ellos cuestiones relativas al tercero hipotecario.

A nuestro juicio, no se cometieron los errores que coinciden con los fundamentos marcados con las letras (*a*) a la (*e*).

■ El último señalamiento es al efecto de que no habiéndose pagado la contribución de herencia a la fecha en que el banco demandado hizo el pago el mismo es nulo y no puede perjudicar a los apelantes. Basta una lectura de la sección 12 de la Ley núm. 99 de 29 de agosto de 1925[1] para concluir que el error señalado carece de méritos. La ley no prohibe al deudor pagar su deuda al heredero sin que antes haya éste satisfecho la contribución de herencia, y si la ley no lo exige no podemos judicialmente agregar dicho requisito al estatuto.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Snyder no intervino.

---

[1] Esta sección, en lo pertinente, dispone: ''Ningún tribunal aprobará la división o distribución de los bienes de ningún fallecido, ni permitirá la liquidación final de las cuentas de ningún albacea, administrador, fideicomisario o persona que administre cualesquiera bienes, a menos de haberse presentado y exhiban el recibo o los recibos especiales, según lo dispuesto en el artículo 11 de esta Ley; y ningún notario expedirá, autorizará o certificará instrumento alguno de sentencia, división, o distribución, enajenación o hipoteca de bienes, a menos de haberse presentado dicho recibo o recibos, expedido por el Tesorero; y ningún registrador inscribirá en ningún registro a su cargo, instrumento alguno ni fallo, sentencia o auto judicial autorizado, dictado o emitido en relación con la división, distribución o entrega de dichos bienes, a menos de haberse presentado el recibo o recibos expedidos por el Tesorero; y las personas que infrinjan las prescripciones de este artículo serán responsables por todas las contribuciones no satisfechas, . . .''.