FERNANDO ZAPATER MARTÍNEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

Núm. 1213.—*Sometido: Julio 8, 1947. Resuelto: Julio 15, 1947.*

*R. Atiles Moréu,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

María Roig y Coll, esposa de Marcos Vecchini Battisti, falleció el 16 de febrero de 1947. En 26 de marzo del mismo año la Corte de Distrito de Ponce dictó sentencia declarando como sus únicos y universales herederos a sus hijos legítimos, sin perjuicio de la cuota usufructuaria correspondiente al cónyuge viudo.

El 20 de marzo de 1946 Fernando Zapater Martínez y su esposa constituyeron hipoteca sobre ciertos bienes inmuebles a favor del hoy viudo, para garantizar la suma de $13,000. El 25 de abril de 1947, el viudo y sus hijos comparecieron en una escritura y cancelaron esta hipoteca. En dicha escritura se hacía constar que en la misma fecha recibieron $13,097.50, como pago del capital e intereses sobre la suma garantizada por la hipoteca.

Zapater presentó la escritura de cancelación al Registra-dor y éste la inscribió en cuanto al interés del viudo en los gananciales; pero se negó a inscribirla respecto a la parti-cipación del crédito hipotecario perteneciente a los herede-ros de la finada, porque tal cual requiere la sección 12 de la Ley núm. 99, Leyes de Puerto Rico, 1925 (pág. 791), según fué enmendada por la sección 15 de la Ley núm. 303, Leyes de Puerto Rico, 1946 ((1) pág. 783), la escritura no vino acompañada del recibo acreditativo del pago de la contribu-ción de herencia o de una carta del Tesorero demostrativa

de que el crédito hipotecario estaba exento de contribución. Zapater ha recurrido ante nos de esta última parte de la nota del Registrador .

En este caso, con posterioridad al fallecimiento de su señora madre, los herederos como cuestión de hecho recibieron el pago de dinero en consideración a la cancelación, otorgada por derecho propio, de sus derechos hereditarios en el crédito hipotecario. La sección 12, por tanto, claramente exige que el Registrador se abstenga de inscribir la escritura hasta que se le presente prueba del pago de la contribución o de la exención de la misma. Los casos en que descansa el recurrente—*Rodríguez* v. *Banco Popular,* 66 D.P.R. 781, 787 y *Sucesión Ramírez* v. *Registrador,* 16 D.P.R. 314— nada tienen que ver con esta cuestión.

*La nota del Registrador será confirmada.*